FORD, appellant, *v.* SUTHERLIN, respondent.

MORTGAGE — "*now growing and standing*" *grain*. K. mortgaged to F. certain oats, etc., "now growing and standing" in a field, August 12, 1871. On the following day S., the sheriff, levied 'upon the property under a writ of attachment in favor of a creditor of K., and afterward sold it under an execution. On August 12, 1871, the grain had been cut, and one-half of it had been threshed before the officer levied thereon. *Held*, that the mortgage does not include, as against third parties, the grain which had been cut or threshed. *Held*, also, that the expression, "now growing and standing," describes the condition of the cereals when they are nourished and supported by the earth.

### Appeal from Third District, Meagher County.

THE action was tried by WADE, J., who entered a judgment of nonsuit against Ford.

JOHNSTON & TOOLE and SHOBER & LOWRY, for appellant.

Appellant relies solely upon the grammatical construction of the description of the mortgaged property. The words "growing" and "standing" are not synonymous terms. They include all the grain at the date of the mortgage which was growing in the ground and not severed, or cut and standing upon the ground. They have the same effect as the expression, "all the wood and timber cut and

uncut," in *Claflin* v. *Carpenter*, 4 Metc. 580. "Growing" and "standing" are used in the mortgage as adjectives and qualify wheat, oats and barley.

CHUMASERO & CHADWICK, for respondent.

The words "growing" and "standing" should be construed according to their primary acceptation. Growing refers to an object endowed with life, and standing refers to objects which are erect and not cut down. The case of *Claflin* v. *Carpenter*, cited by appellant, is in opposition to the proposition of appellant. The word "standing" is applied to timber which is growing and uncut. *Douglas* v. *Shumway*, 13 Gray, 498; *Nettleton* v. *Sykes*, 8 Metc. 34.

Mortgaged property should be described accurately so that there can be no mistake about its identity. If this property was not growing and standing in the field the mortgage constituted no notice to the creditors of the mortgagor.

BLAKE, J.   G. Kronk executed and delivered to the appellant, August 12, 1871, a mortgage on certain chattels in Meagher county, described as follows: "Being one-half undivided interest in and to all the oats, wheat, barley and potatoes now growing and standing in the field or ranch of George Siggs, in the Missouri Valley." The instrument was filed for record in the office of the county recorder on the same day at six o'clock, A. M. On the following day the respondent, as the sheriff of Meagher county, levied upon and took possession of the oats, wheat and barley under a writ of attachment issued in an action commenced against Kronk and another party. Judgment was entered against Kronk and his co-defendant December 1, 1871, and the respondent, as the sheriff, sold the property and applied the proceeds in partial satisfaction of the execution. The appellant brings this action to recover the value of the grain that was attached and sold by the officer.

The transcript appears to show that the oats, wheat and barley had been cut before the 12th day of August, 1871, and piled up on the ranch of said Siggs. Persons were engaged in threshing the grain in the morning of this day. At the time that the

officer levied upon the property, one-half of the grain had been threshed and stored in a granary on the ranch of one Perkins, and was not on the ranch of Siggs. A nonsuit was granted upon the trial on the motion of the respondent.

The appellant relies on one point to procure a reversal of this ruling. He contends that the words "growing and standing," which are used in the mortgage, embrace all the grain which was standing on the ranch, or in the shock, or on the natural stalk, and growing above or in the ground and cut or harvested. The only case that is cited in the brief is that of *Claflin* v. *Carpenter*, 4 Metc. 580. The appellant submits that the terms "growing and standing" have the same effect as the clause in that decision, " all the wood and timber cut and uncut," relating to the interests of the parties under a mortgage.

We cannot inquire into the intention or understanding of Kronk and the appellant in executing the mortgage and examine the testimony concerning the matter. The rights of persons who are not the parties to the instrument are involved in this case, and the words "now growing and standing" must be understood and construed according to the approved and common usage of the language. Cod. Sts. 389. Vegetable bodies are "growing" while their bulk is being enlarged by the natural addition of matter through ducts. Trees and plants are "standing" when they are erect and supported by their roots. Webster's Dict. We think that these definitions are applicable to the property described in the mortgage, which was sold by the respondent. It is evident that the oats, wheat and barley were not "growing and standing" when the sheriff levied upon them. The parties to the instrument could have protected the mortgaged property by using the comprehensive terms which appear in *Claflin* v. *Carpenter*, *supra*, and the argument of the appellant in defining the words "now growing and standing," and have been mentioned. But they employed language which has received the interpretation in many cases that we have expressed, and the respondent and innocent persons would act correctly in giving it the same meaning.

The case of *Goodyear* v. *Williston*, 42 Cal. 11, resembles that at bar, although the decision depends upon the construction of the act relating to mortgages upon growing crops. This view of the

words used by the appellant is supported by the following authorities: *Clap* v. *Draper*, 4 Mass. 266, " all the trees and timber standing and growing on the close ;" *Brown* v. *Wellington*, 106 id. 318, " standing grass ;" *Delaney* v. *Root*, 99 id. 548, " growing annual crops ;" *Hill* v. *Hill*, 113 id. 105, " all the wood, timber and trees now standing ;" *Schulenberg* v. *Harriman*, 21 Wall. 64 ; *Davis* v. *McFarlane*, 37 Cal. 634. The distinction is recognized between trees and cereals, which are " growing and standing," and those which have been cut and severed from the freehold. The change in the condition of wood and grain, caused by these acts, affects materially the rights of the parties to an agreement, mortgage, or bill of sale of the property. We have not found one case which sustains the point on which the appellant relies, and are therefore of the opinion that the mortgage given to the appellant by Kronk cannot be enforced in this action against the respondent.

*Judgment affirmed.*