**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2658-19

B.M.K., as
Natural Guardian & Biological
Parent of S.K., a Minor,

     Plaintiff-Appellant,

v.

W.A. and S.B.A.M.,

     Defendants,

and

W.L.A. and V.A.,

     Defendants-Respondents.

_____

Argued April 13, 2021 – Decided May 24, 2021

Before Judges Gilson, Moynihan and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-10916-15.

Louis M. DiLuzio argued the cause for appellant (The Choi Law Group, LLC, attorneys; Louis M. DiLuzio, on the briefs).

Kelly A. Weber argued the cause for respondent (Chasan Lamparello Mallon & Cappuzzo, PC, attorneys; John V. Mallon, of counsel and on the brief; Kelly A. Weber, on the brief).

PER CURIAM

Plaintiff B.M.K., as natural guardian and biological father of S.K., brought a multi-count complaint against, among others,[1] defendants W.L.A. and V.A. alleging defendants' son, forty-eight-year-old W.A., Jr., (Junior), a convicted sex offender, sexually assaulted S.K. in a vehicle outside a house defendants owned after he offered to give her a ride home. Junior lived in that house. Then-sixteen-year-old S.K. was visiting as a guest of Junior's stepdaughter.[2]

Plaintiff appeals from the trial judge's order dismissing his initial complaint without prejudice and a subsequent order dismissing his amended complaint with prejudice. Plaintiff argues the judge erred because both complaints sufficiently pleaded causes of action for negligence.

---

[1] The complaint included causes of action against defendants' son and his wife. The orders under review do not pertain to those defendants.

[2] We use initials to protect the privacy of plaintiff's daughter. See R. 1:38-3(c)(12). We use familiar appellations for defendants to avoid confusion because they have the same surname. We intend no familiarity by our practice.

A-2658-19

We review dismissal orders entered pursuant to Rule 4:6-2(e) de novo, "apply[ing] the same standard that bound the trial judge and, therefore, 'search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, [giving] opportunity . . . to amend if necessary.'" Wild v. Carriage Funeral Holdings, Inc., 458 N.J. Super. 416, 423 (App. Div. 2019) (second and third alterations in original) (quoting Printing Mart-Morristown v. Sharp Elecs., 116 N.J. 739, 746 (1989)), aff'd 241 N.J. 285 (2020). We "are unconcerned with the plaintiff's ability to prove what is alleged, and instead consider only whether – after giving [the] plaintiff the benefit of 'every reasonable inference of fact' – a sustainable claim has been pleaded. This examination is 'painstaking and undertaken with a generous and hospitable approach.'" Ibid. (quoting Printing Mart, 116 N.J. at 746). "[A]t the pleading stage of [a] case, in which the facts have yet to be developed[, a] plaintiff is entitled to every reasonable inference of fact, [when a court determines whether] plaintiff has stated a claim sufficient to survive [a] motion to dismiss under Rule 4:6-2." Wild, 241 N.J. at 287. The standard is the same for both complaints and amended complaints. See Smith v. Datla, 451 N.J. Super. 82, 88, 105 (App. Div. 2017). "We thus examine the judge's dismissal of the [negligence] claims by assuming the truth of the

3                                                              A-2658-19

[complaint's] factual allegations and by drawing reasonable inferences that suggest a cause of action." Wild, 458 N.J. Super. at 424.

Although plaintiff did not know the specific extent of Junior's prior record, he averred[3] defendants knew or should have known their son had "a long history of committing sex-based crimes against minor females" and had been released from prison approximately three months before he assaulted S.K.[4]  After his release, defendants allowed Junior to reside in a house they owned in another municipality.  Plaintiff asserted causes of action for:  (1) "negligently failing to maintain[] and/or permitting [the dangerous condition caused by Junior's occupancy] to remain in an unsafe condition, and taking any steps whatsoever to protect and safeguard invitees about said dangerous and unsafe condition"; (2) negligently breaching their duty to invitees, "particularly female minors like S.K., to disclose, notify or otherwise warn them and/or their . . . parents" about Junior's "history of sexual assaults against minor females" and "to take reasonable measures and precautions to prevent their . . . son . . . from having unsupervised contact with a minor child" to prevent the "foreseeable risk" he

---

[3]  We recite the allegations set forth in plaintiff's amended complaint.

[4]  Plaintiff's amended complaint alleges Junior pleaded guilty to second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1), and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a).

would commit sexual assault; and (3) negligently breaching their "duty to protect and safeguard S.K. against any dangerous or harmful acts, including but not limited to sexual abuse, assault and battery, while on their property."

The judge dismissed the complaints concluding defendants, who lived in a separate residence in another municipality, owed no duty to plaintiff. Specifically, the judge determined

> [t]he existing law as I read it, although there's not a specific case in New Jersey dealing with the exact set of facts in this particular case is that there is no parental duty to supervise when they're living apart, adult children. And whether you want to call this particular case a lack of supervision, negligent supervision, you want to call it a different theory of negligent entrustment of a house or whether the plaintiff is in a protected class, I think it's pretty eviden[t] that as a minor plaintiff, minor female plaintiff, there'[re] criminal statutes that protect this type of activity that the offender did and for what [h]e's presently in jail. It's [an] unfortunate incident. But no new facts are alleged, and it's a notice requirement state. The pleadings when I compared visually when I read the amended complaint to the facts alleged in the original complaint, which I dismissed against the adult parents who lived in a different town, I really didn't see much in the way of material differences.
>
> And so respectfully I'm the first one, my heart bleeds for this young lady, but from a legal duty perspective I still do not see there's a legal duty on the . . . non-minor adult son who is the offender, his parents, living in a different town. I do not see there being a legal duty.

A-2658-19

We reverse and remand because discovery should have been completed before that determination was made.

Duty "is not a rigid formalism that remains static through time, but rather is a malleable concept that must of necessity adjust to the changing social relations and exigencies and man's relation to his fellows." J.S. v. R.T.H., 155 N.J. 330, 339 (1998) (quoting Wytupeck v. Camden, 25 N.J. 450, 462 (1957)) (internal quotation marks omitted). Determining the existence of a duty and its scope are questions of law. Robinson v. Vivirito, 217 N.J. 199, 208 (2014). The New Jersey Supreme Court has long instructed that "fairness" be the touchstone when analyzing legal duty, Goldberg v. Hous. Auth. of Newark, 38 N.J. 578, 583 (1962); see also Est. of Desir ex rel. Estiverne v. Vertus, 214 N.J. 303, 322 (2013), because the imposition of legal duty must "generate intelligible and sensible rules to govern future conduct," Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993); see also Vertus, 214 N.J. at 323.

The trial judge properly assumed, for the purposes of analyzing the motion to dismiss under Rule 4:6-2(e), defendants knew of Junior's history of sex crimes and perceived there was a foreseeability of harm. The judge also recognized an analysis of defendants' duty is guided by the four Hopkins factors. See Hopkins, 132 N.J. at 439 (holding a judge must also determine "whether the imposition

of such . . . duty satisfies an abiding sense of basic fairness under all of the circumstances in light of considerations of public policy").  Judges are required to identify, weigh, and balance:  (1) "the relationship of the parties"; (2) "the nature of the attendant risk"; (3) "the opportunity and ability to exercise care"; and (4) "the public interest in the proposed solution."  Ibid.

All of those factors are best analyzed on a full and complete record of facts pertinent to each.  For example, in considering the third Hopkins factor in connection with the initial complaint, the trial judge reasoned that factor weighed against imposing a duty on defendants because

> the elderly parents of an adult child would have no opportunity/ability to exercise care regarding their adult son's one[-]time interaction with the minor plaintiff in a different town.[5]  It is unclear as to what the "care" would, or could, consist of, even if it were to take place.

---

5 Plaintiff argues the judge went beyond the complaint's four corners in finding defendants parents were elderly.  "In reviewing a complaint dismissed under Rule 4:6-2(e)[, our] inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint."  Flinn v. Amboy Nat'l Bank, 436 N.J. Super. 274, 286 (App. Div. 2014) (quoting Printing Mart, 116 N.J. at 746).  Under Rule 4:6-2(e), a motion to dismiss is treated as a motion for "summary judgment and disposed of as provided by R[ule] 4:46" if matters outside the pleading are presented.  Judges, however, may properly consider documents referred to in a complaint and provided by way of a motion to dismiss the complaint under Rule 4:6-2(e), without converting the motion into a motion for summary judgment.  N.J. Citizen Action, Inc. v. Cnty. of Bergen, 391 N.J. Super. 596, 605 (App. Div. 2007).

A-2658-19

Would it be a sign giving notice of the fact that the adult son was a sex offender?  With constant monitoring to make sure it was not taken down?

Where would it be hung?

Would it be constant surveillance of the son's activities, both in the house and in his car?

Would it be forcing the eviction of the adult son's family from the parents' owned residence in question?  Would the family, including the adult son, simply move to another town?

Analyzing the third Hopkins factor ordinarily requires a thorough factual assessment for a court to determine whether it could "articulate[] workable guidelines . . . [to] minimize the risk of harm."  Davis v. Devereux Found., 209 N.J. 269, 297 (2012); see also Shields v. Ramslee Motors, 240 N.J. 479, 494 (2020) (declining to impose duty on landlord where the harm is beyond landlord's control and where a commercial tenant had the ability and opportunity to avoid the harm); Hopkins, 132 N.J. at 444-45 (in imposing a duty on realtors to inspect premises before potential buyers enter, our Supreme Court provided a description of what that inspection should entail).  Likewise, an analysis of "the public interest in the proposed solution," the fourth factor, see Hopkins, 132 N.J. at 439, is best made after full disclosure of the circumstances that may establish an interest for which the solution is proposed.

A-2658-19

We thus reverse the orders of dismissal and remand to allow the trial judge to better perform the fact-sensitive analysis of the Hopkins factors after the facts are fully developed. In remanding, we take no position on whether plaintiff has developed or ultimately will develop facts that establish a duty owed by parent defendants. We remand to give plaintiff an opportunity to conduct focused discovery to see if facts can be discovered. Moreover, our remand does not preclude the parents from moving for summary judgment after discovery has been conducted if they believe that the material facts do not establish that they had a duty to plaintiff.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION