**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1421
_____

SANG GEOUL LEE,

Appellant

v.

WON IL PARK, MD


_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 12-cv-07437)
District Judge:  Honorable Esther Salas


_____

Submitted under Third Circuit L.A.R. 34.1(a):
December 15, 2017
_____

Before:  CHAGARES, RESTREPO, and FISHER, <u>Circuit Judges</u>.

(Filed: December 20, 2017)


_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, <u>Circuit Judge</u>.

This case originated as a result of the alleged improper disclosure of private medical information. Sang Geoul Lee ("Mr. Lee") sued his former physician, Won Il Park ("Dr. Park"), asserting New Jersey state law claims of negligence per se (Count I), negligence (Count II), and breach of confidentiality (Count III). The United States District Court for the District of New Jersey granted Dr. Park's motion for summary judgment on all of Mr. Lee's claims. Mr. Lee timely filed this appeal, in which he challenges: (1) the grant of summary judgment <u>in toto</u>; (2) the procedural mechanism by which the District Court granted summary judgment on the breach of confidentiality claim; (3) the District Court's refusal to disqualify opposing counsel for a vulgar courtroom outburst; and (4) the District Court's refusal to grant leave to amend the complaint. For the reasons stated below, we will reverse in part and remand the adjudication of Counts II and III to the District Court.

I.

As this Opinion is non-precedential and we write mainly for the parties, our factual recitation is abbreviated. At all relevant times, Mr. Lee was a patient of Dr. Park, a medical practitioner in New Jersey. In 2010, Dr. Park prescribed erectile dysfunction pills for Mr. Lee. Mr. Lee's then-wife, Kyung Lee ("Mrs. Lee"), was aware that he sought and received this treatment; however, Mr. Lee alleges that she only knew about his receipt of ten pills for use within their marriage. He argues that she was initially unaware that he procured approximately 160 additional pills, some or all of which he used while participating in an extra-marital affair. Nevertheless, by February 2012, Mrs.

2

Lee had grown suspicious. She telephoned Dr. Park, asking about the erectile dysfunction pills that he had prescribed. On the call, Dr. Park revealed that he had prescribed the additional 160 pills. At no point had Mr. Lee consented to the release of this information. After acrimonious legal proceedings, Mr. and Mrs. Lee divorced. The parties dispute whether the divorce would have occurred in the absence of Dr. Park's revelation.

On December 4, 2012, Mr. Lee filed the instant action. Thereafter, on March 7, 2013, a Magistrate Judge issued a Scheduling Order that permitted Mr. Lee to amend the pleadings by June 28, 2013. Approximately sixteen months after the deadline to amend and after discovery had concluded, Mr. Lee filed a motion to amend the complaint. The District Court denied that motion.

On September 10, 2014, the parties participated in a settlement conference before a Magistrate Judge. Outside the presence of the judge, counsel for Dr. Park directed a vulgar outburst at counsel for Mr. Lee. We need not recount the exact language that counsel employed. Rather, it suffices to note the fact that he apologized and to relate his later assertion that he cannot "justify the vulgarity [he] used in conveying [his] rejection of [opposing counsel's] . . . settlement demand." Park Br. 34. Mr. Lee moved for the District Court to disqualify the offending attorney, but the District Court denied the motion.

Thereafter, Dr. Park moved for summary judgment. With respect to the negligence per se claim, the District Court found that "[b]ecause Plaintiff does not identify a statute that specifically imposes tort liability on Defendant, Plaintiff cannot, as

a matter of law, succeed on his . . . claim." Appendix ("App.") 790. The Court concluded, regarding the negligence claim, that Mr. Lee "fail[ed] to present a genuine issue of material fact that compels trial" based on a finding that "the undisputed facts — and all reasonable inference[s] taken from those facts — fail to demonstrate that Defendant's actions were the proximate cause of Plaintiff's harm." App. 791–92. Noting that "both parties failed to address breach of confidentiality," the Court ordered supplemental briefing on the remaining claim. App. 795. While the summary judgment motion remained pending as to this claim, Mr. Lee moved for reconsideration of the partial summary judgment Order. The District Court ultimately denied that motion and granted summary judgment as to the breach of confidentiality claim, noting that Mr. Lee had failed to indicate a New Jersey state law basis for that cause of action. App. 965–66.

II.

The District Court had jurisdiction over this action pursuant to 28 U.S.C. § 1332. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We conduct plenary review of the District Court's grant of summary judgment. Kelly v. Borough of Carlisle, 622 F.3d 248, 253 (3d Cir. 2010). We review the District Court's decisions not to disqualify defense counsel and to deny the motion to amend the complaint for abuse of discretion. United States v. Stewart, 185 F.3d 112, 120 (3d Cir. 1999); Garvin v. City of Phila., 354 F.3d 215, 219 (3d Cir. 2003).

4

III.

A.

The District Court granted Dr. Park's motion for summary judgment on all counts. We will review each count in turn.

1.

In New Jersey, a claim of negligence per se is supported by the violation of a statute or regulation, but only when that statute or regulation "serve[s] to impose direct tort liability on [the person who offends it.]" Alloway v. Bradlees, Inc., 723 A.2d 960, 967 (N.J. 1999). Mr. Lee has failed to allege the existence of such a statute or regulation. He cites N.J. Stat. Ann. § 2A:84A-22.1 for the proposition that it establishes the doctor-patient privilege in New Jersey. Lee Br. 21. In his appellate brief, Mr. Lee discusses the statute as a rule of evidence and does not argue that it provides for a remedy in tort. Id. at 21–22. He likewise fails therein to cite case law finding tort liability under New Jersey law for breach of the duty of confidentiality. Finally, his reply brief fails to address this point entirely. Mr. Park, on the other hand, cites an unpublished district court decision for the proposition that "[the statute] is a Rule of Evidence, and there are no indications in the statute or in New Jersey case law that it creates an independent cause of action for its violation."[1] Park Br. 19.

We conclude that the issue of whether N.J. Stat. Ann. § 2A:84A-22.1 provides for a remedy in tort is not properly before us. First, it is the responsibility of neither the

_____

[1] The case cited was Green v. Cooper Hosp. Univ. Med. Ctr., No. 97-5745, 1997 WL 749475, at *3 (E.D. Pa. Dec. 3, 1997).

District Court nor this Court to make the parties' arguments for them; therefore, we will not engage in a freewheeling investigation into New Jersey state law without meaningful briefing on the subject. In addition, Mr. Lee's failure to respond to the pertinent opposition-brief argument acts as a concession of that argument. See Griswold v. Coventry First LLC, 762 F.3d 264, 274 n.8 (3d Cir. 2014) (noting that failure to brief an issue on appeal and a related concession at oral argument constitutes a forfeiture of the argument); John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp., 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) (noting that "arguments raised in passing . . . but not squarely argued[] are considered waived"). Finally, Mr. Lee's statement of the issues presented on appeal asks specifically whether the District Court erred in granting summary judgment on the negligence per se claim "in light of the fact dispute whether defendant's acts and omissions were a substantial factor that resulted in plaintiff's injury." Lee Br. 5. The framing of this question for appeal does not include whether the District Court erred in concluding that Plaintiff had failed "to identify any statute or regulation that imposes direct tort liability on Defendant," App. 961, or that "there is no indication that [the New Jersey statute] creates a private right of action." App. 790. For these reasons, we will affirm the District Court's grant of summary judgment as to Count I.

2.

Mr. Lee argues that the District Court erred in granting summary judgment on the negligence claim. The District Court "conclude[d] that the undisputed facts fail to show that Defendant's actions were the proximate cause of Plaintiff's alleged harm, and Plaintiff, as the non-moving party, fail[ed] to present a genuine issue of material fact that

6

compels trial." App. 791. Centrally at issue is whether the alleged breach of the duty of care regarding confidential information was the proximate cause of injury to Mr. Lee.

In New Jersey, "[t]he issue of causation is ordinarily left to the factfinder." Townsend v. Pierre, 110 A.3d 52, 66 (N.J. 2015). There is an exception, however, "in the highly extraordinary case in which reasonable minds could not differ on whether that issue has been established." Id. (quoting Fluehr v. City of Cape May, 732 A.2d 1035, 1041 (N.J. 1999)) (emphasis added). On the facts here, we conclude that reasonable minds could differ on the issue of causation. Mr. Lee's statement of material facts at summary judgment raised evidence tending to put causation at issue. App. 658–63. Further, his related Declaration filed in opposition to summary judgment contains non-conclusory, factual assertions about the timeline of Mrs. Lee's conduct. App. 665–76. He provides examples of escalation of animosity and her anger towards him following the phone call between Mrs. Lee and Dr. Park, noting in particular that she "came and raided his offices [to search for his pills] DEA-style only after she spoke with [Dr.] Park and not before." App. 669, 674–75. It is generally true, as the District Court recognized, that "conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment." Gonzalez v. Sec'y of Dep't of Homeland Sec., 678 F.3d 254, 263 (3d Cir. 2009) (internal quotation omitted). While certain aspects of Mr. Lee's Declaration are conclusory, he also submitted non-conclusory evidence that puts causation in question. Whether charges of sexual infidelity and all of the harm encompassed within such charges would have occurred without Dr. Park's disclosure is unclear, and — based on the evidence — reasonable minds could differ as to whether his

alleged breach was the proximate cause of Mrs. Lee's conduct. For this reason, we will

reverse the grant of summary judgment as to Count II.

3.

We turn finally to the breach of confidentiality claim. In its Opinion granting the

summary judgment motion as to Counts I and II and reserving judgment on the summary

judgment motion as to Count III, the District Court noted:

> Plaintiff states that the nature of the case is Defendant's "breach of private and privileged medical information," not whether Defendant caused the divorce. . . . Plaintiff goes on to argue that courts have routinely held that defendants can be held liable for disclosure of medical information. . . . In support of this position, Plaintiff cites numerous cases—all of which are inapposite to the instant case.
>
> Count Three of Plaintiff's Complaint is for breach of confidentiality, presumably under New Jersey law. Nevertheless, Plaintiff cites to cases involving claims of invasion of privacy, defamation, and negligence in jurisdictions outside of New Jersey. The one New Jersey state court case that Plaintiff does cite is an invasion of privacy case outside the medical information context.

App. 795. This characterization misapprehends Mr. Lee's position. While the District

Court accurately describes his briefing, it neglects to observe that the complaint itself

provides a New Jersey state law basis for the claim — Stempler v. Speidell, 495 A.2d

857, 861 (N.J. 1985) — which notes that "a physician could be held liable for a breach of

the obligation of confidentiality." More recent New Jersey cases also recognize potential

liability for damages stemming from a physician's breach of this duty. See Smith v.

Datla, 164 A.3d 1110, 1122–23 (N.J. Super. Ct. App. Div. 2017) (noting that "physicians

are [] under a common law duty to maintain the confidentiality of patient records and

information" and that liability could ensue from a breach); Crescenzo v. Crane, 796 A.2d

8

283, 289, 291 (N.J. Super. Ct. App. Div. 2002) (noting the same); Estate of Behringer v. Med. Ctr. at Princeton, 592 A.2d 1251, 1255, 1273–74 (N.J. Super. Ct. Law Div. 1991) (noting the same).

It is curious that Mr. Lee's counsel cited a New Jersey state law basis for Count III in the complaint but neglected to cite it in briefs before the District Court or this Court — particularly because the grant of summary judgment was based entirely on the failure to cite relevant state law. Nevertheless, because Mr. Lee asserted a valid legal basis for the cause of action in his complaint, we will reverse.

## B.

Mr. Lee also argues that the District Court committed procedural error in granting summary judgment on Count III — the claim for breach of confidentiality. Because we are remanding consideration of Count III on other grounds, we need not consider this argument.

## C.

Mr. Lee contends that the District Court committed reversible error in declining to disqualify opposing counsel following his vulgar outburst at a settlement conference. We disagree. It is well-established that district courts are empowered with "inherent authority to supervise the professional conduct of attorneys appearing before it." United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980); see also Republic of Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 74 (3d Cir. 1999) (noting that "a district court must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must also ensure that the sanction is tailored to address the

9

harm identified"). Such management of litigation and oversight of litigants is best left to the discretion of the District Judge, and the record in this case exhibits no abuse of discretion. At the status conference of May 26, 2015, the District Court reached its decision after considering the situation and taking into account the offending attorney's history and apology. App. 407–08. We see no reason to reverse that decision on appeal.

D.

Finally, Mr. Lee also argues that the District Court erred in refusing to grant leave to amend the complaint. Again, that argument must fail. Where a scheduling order governs amendment of the pleadings, that order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, in such instances, the lenient Fed. R. Civ. P. 15(a)(2) standard that "[t]he court should freely give leave when justice so requires" yields to the good cause requirement. See, e.g., Holmes v. Grubman, 568 F.3d 329, 334–35 (2d Cir. 2009) (noting that "where . . . a scheduling order governs amendments to the complaint . . . 'the lenient standard under Rule 15(a) . . . must be balanced against the [good cause] requirement under Rule 16(b)'"); DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC, 870 F.3d 978, 989 (9th Cir. 2017) (noting that "where . . . a party seeks leave to amend after the deadline set in the scheduling order has passed, the party's request is judged under [Rule] 16's 'good cause' standard rather than the 'liberal amendment policy' of [Rule] 15"). Mr. Lee sought to amend the complaint approximately sixteen months after the relevant scheduling order's deadline to amend. He did not allege that he had recently learned of new information or even offer new facts — rather, he simply wanted to add a new cause of action based on the same

10

facts found within the initial complaint.  It is self-evident that Mr. Lee was not diligent in seeking amendment, and the District Court did not err in denying the motion to amend the complaint.

IV.

For the reasons stated above, we will reverse and remand the matter to the District Court with respect to Counts II and III, and we will affirm in all other respects.