**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3295-16T3

GEORGE A. GALLENTHIN, III,

    Plaintiff-Appellant,

v.

BOROUGH OF PAULSBORO, PAULSBORO
PLANNING/LAND USE BOARD, and
PAULSBORO'S COUNCIL AS FOLLOWS:
GARY C. STEVENSON, PAULSBORO MAYOR;
JOHN A. GIOVANNITTI, COUNCIL
PRESIDENT; and COUNCILPERSONS: ERIC
DITONNO, ALFONSO G. GIAMPOLA, LARRY
HAYNES, SR., THEODORE D. HOLLOWAY,
II, and JOE KIDD, individually,
jointly, severally and in the
alternative,

    Defendants-Respondents.

_____

        Argued May 30, 2018 - Decided June 26, 2018

        Before Judges Gilson and Mayer.

        On appeal from Superior Court of New Jersey,
        Law Division, Gloucester County, Docket No.
        L-1407-16.

        George A. Gallenthin, III, appellant, argued
        the cause pro se.

M. James Maley, Jr. argued the cause for respondents Borough of Paulsboro, Gary C. Stevenson, John A. Giovannitti, Eric Ditonno, Alfonso G. Giampolo, Larry Haynes, Sr., Theodore D. Holloway, II, and Joe Kidd (Law Offices of Maley & Associates, PC, attorneys; M. James Maley, Jr., on the brief).

Law Offices of John A. Alice, attorneys for respondent Paulsboro Planning/Land Use Board, join in the brief of respondents Borough of Paulsboro, Gary C. Stevenson, John A. Giovannitti, Eric Ditonno, Alfonso G. Giampola, Larry Haynes, Sr., Theodore D. Holloway, II, and Joe Kidd.

PER CURIAM

Plaintiff George A. Gallenthin, III, appeals from orders dated March 10, 2017 and March 17, 2017, dismissing his complaint in lieu of prerogative writs. We affirm.

Plaintiff brought suit against defendants Borough of Paulsboro (Borough), Paulsboro Council (Council), the Mayor of Paulsboro,[1] and the Paulsboro Planning/Land Use Board (Board), seeking to: (1) void Borough Ordinance 11.16; (2) enjoin defendants from "deriving any and all financial benefit as a result of [d]efendants designating [p]laintiff's property as an area in need of rehabilitation"; and (3) award damages in the amount of $10,000 per month since the passage of Ordinance 11.16.

---

[1] We refer to the Borough, the Council, and the Mayor collectively as the Governing Body.

The genesis of this appeal is the designation of the entire Borough as an area in need of rehabilitation. To implement that designation, the Governing Body passed Ordinance 11.16, which adopted a "Redevelopment Plan for the Borough of Paulsboro" (Plan). Plaintiff, who owns several parcels of land in the Borough, claimed Ordinance 11.16 and the Plan amount to an unconstitutional taking of his property.

In support of his current litigation against defendants, plaintiff relied on Gallenthin Realty Development, Inc. v. Borough of Paulsboro, 191 N.J. 344 (2007) (Gallenthin I). In that case, plaintiff appealed a municipal ordinance designating his property as an area in need of redevelopment. The Court in Gallenthin I held that the Borough's ordinance, allowing redevelopment of land in a stagnant condition, did not authorize the redevelopment of plaintiff's property simply because it was not fully productive. Gallenthin, 191 N.J. at 372. The Gallenthin I decision addressed areas in need of redevelopment, N.J.S.A. 40A:12A-5, not areas in need of rehabilitation, N.J.S.A. 40A:12A-14.

The background describing plaintiff's earlier litigation against defendants is set forth in Gallenthin I. We recite only the facts relevant to plaintiff's argument on this appeal.

On August 1, 2016, the Board recommended the Governing Body adopt Resolution 157.16, designating the entire Borough as "an

area in need of rehabilitation" in accordance with N.J.S.A. 40A:12A-14. On September 6, 2016, the Governing Body voted to designate the entire Borough as an area in need of rehabilitation, finding "more than half of the housing stock in the [Borough] is at least [fifty] years old and a program of rehabilitation as defined in N.J.S.A. 40A:12A-3 is expected to prevent further deterioration and promote overall development and improvement of the community."[2]

On September 6, 2016, a draft of the Plan was prepared. On September 20, 2016, the Governing Body authorized the Board to review the Plan. On October 3, 2016, the Board recommended the Governing Body adopt the Plan.

The Governing Body held a public meeting on October 4, 2016 to address the Plan. At this meeting, plaintiff requested his property be exempt from the rehabilitation designation. On that same date, the Governing Body passed Ordinance 11.16, which adopted the Plan.

---

[2] Resolution 157.16, designating the Borough as an area in need of rehabilitation, is not the subject of plaintiff's appeal. Plaintiff appeals the approval of Ordinance 11.16, which adopted the Plan. Thus, plaintiff's arguments related to Resolution 157.16 are waived. See Pressler & Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1(a) (2018) ("[I]t is clear that it is only the judgments or orders or parts thereof designated in the notice of appeal which are subject to the appeal process and review.").

On November 14, 2016, plaintiff filed a verified complaint, action in lieu of prerogative writs, and an order to show cause (OTSC), challenging the adoption of Ordinance 11.16.[3] Plaintiff alleged the Governing Body's approval of Ordinance 11.16 was arbitrary, capricious, or unreasonable because the Plan is a "net opinion of the Borough's engineer," and the Governing Body's decision was not supported by substantial credible evidence.

On or about February 8, 2017, the Governing Body filed a motion to dismiss plaintiff's complaint for failure to state a claim. The Board joined in the Governing Body's motion. On March 3, 2017, the trial judge heard oral argument on both plaintiff's OTSC, seeking to preclude the Borough from designating his property an area in need of rehabilitation, and defendants' motions to dismiss. In opposing defendants' motions, plaintiff claimed the Plan redesignated his property as an area in need of redevelopment contrary to the Court's decision in Gallenthin I.

After considering the parties' arguments and reviewing the written submissions, the trial judge issued an order and written opinion dismissing plaintiff's complaint with prejudice as to the Governing Body. On March 17, 2017, the trial judge issued an order dismissing the complaint with prejudice as to the Board on

---

[3] Although plaintiff is self-represented, we note that he is licensed to practice law in Pennsylvania.

the same bases as her dismissal of the claims against the Governing Body.

The judge dismissed plaintiff's complaint, as a matter of law, finding that the Borough's adoption of Ordinance 11.16, deeming the entire municipality as an area in need of rehabilitation, was not arbitrary, capricious, or unreasonable.

The judge also distinguished Ordinance 11.16 from the redevelopment ordinance challenged in Gallenthin I. She explained that an area in need of rehabilitation is governed by N.J.S.A. 40A:12A-14, and the taking of private property by eminent domain is prohibited. On the other hand, the judge reasoned that an area in need of redevelopment is governed by N.J.S.A. 40A:12A-5, and permits the acquisition of private property through eminent domain. The judge concluded plaintiff failed to appreciate the distinction between the two statutes. After reviewing the rehabilitation statute and the challenged ordinance, the judge concluded that the Plan adopted by Ordinance 11.16 was consistent with N.J.S.A. 40A:12A-14.

"[A] municipality's adoption of . . . a redevelopment plan[] is a discretionary decision . . . ." Powerhouse Arts Dist. Neighborhood Ass'n v. City Council of Jersey City, 413 N.J. Super. 322, 332 (App. Div. 2010). "A court will uphold such an exercise of discretion unless 'arbitrary or capricious, contrary to law,

or unconstitutional.'" Ibid. (quoting Downtown Residents for Sane Dev. v. City of Hoboken, 242 N.J. Super. 329, 332 (App. Div. 1990)).

"Actions of a [municipal body] are presumed to be valid and the party attacking such action has the burden of proving otherwise." N.Y. SMSA Ltd. P'ship v. Bd. of Adjustment of Twp. of Bernards, 324 N.J. Super. 149, 163 (App. Div. 1999). "When we consider an appeal of a trial court's review of a municipal board's action, we are bound by the same standard as the trial court." Cohen v. Bd. of Adjustment of Borough of Rumsen, 396 N.J. Super. 608, 614—15 (App. Div. 2007). However, we review interpretations of law de novo. See Nuckel v. Borough of Little Ferry Planning Bd., 208 N.J. 95, 102 (2011). Likewise, a trial court's decision on a motion to dismiss for failure to state a claim is reviewed de novo. Smith v. Datla, 451 N.J. Super. 82, 88 (App. Div. 2017).

Plaintiff argues the Governing Body failed to meet each of the statutory criteria for adopting a redevelopment plan in accordance with N.J.S.A. 40A:12A-7(a) because the Plan merely recites the applicable criteria without explaining, in detail, the precise nature of the Plan with respect to each element of the statute. The trial judge analyzed the Plan under each of the statute's requirements and determined the Plan met the criteria of N.J.S.A. 40A:12A-7(a).

Having reviewed the record, we agree with the judge's conclusion that the Plan is not arbitrary, capricious, or contrary to law for the reasons expressed in her written opinion dated March 10, 2017, supplementing her decision from the bench on March 3, 2017. See also Bryant v. City of Atl. City, 309 N.J. Super. 596, 619 (App. Div. 1998) (requiring only an outline of a plan's objectives).

We next consider plaintiff's argument that Ordinance 11.16 amounts to an unconstitutional taking of his property. Plaintiff's property was designated as an area in need of rehabilitation, which precludes the municipality from exercising eminent domain as to his property. See N.J.S.A. 40A:12A-15 ("With respect to a redevelopment project in an area in need of rehabilitation, . . . the municipality shall not have the power to take or acquire private property by condemnation in furtherance of a redevelopment plan . . . ."). The Plan expressly acknowledges that "[t]he Project Area is a rehabilitation area and therefore . . . property acquisition by eminent domain is not authorized."

Contrary to plaintiff's arguments, defendants are not attempting to overturn the Court's decision in Gallenthin I. In their oral and written arguments before the trial court, defendants stated that they "do not now, nor have they ever, contended that

Ordinance []11.16 designates [p]laintiff's [p]roperty as a redevelopment area."

In reviewing the record, we find Ordinance 11.16 does not undermine the Court's decision in <u>Gallenthin I</u>. The Borough is not seeking redevelopment of plaintiff's property. Rather, the entire Borough has been designated an area in need of rehabilitation. Thus, the Court's decision in <u>Gallenthin I</u> remains in effect, and Ordinance 11.16 does not contravene the holding in that case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3295-16T3