**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3568-18T2

RIVA POINTE AT LINCOLN
HARBOR CONDOMINIUM
ASSOCIATION, INC., a New
Jersey Non-Profit Corporation,

      Plaintiff-Appellant,

v.

TISHMAN CONSTRUCTION
CORPORATION, A Delaware
Corporation, TISHMAN
CONSTRUCTION CORPORATION
OF NEW JERSEY, a New Jersey
Corporation, NORTH EAST
CONSTRUCTION, and PELLA
WINDOWS AND DOORS,
Commercial Division,

      Defendants-Respondents,

and

EVANSTON INSURANCE
COMPANY[1] and SCOTTSDALE
INSURANCE COMPANY,

---

[1] Improperly pled herein as Essex Insurance Company.

Defendants.

_____

TISHMAN CONSTRUCTION
CORPORATION, a Delaware
Corporation, TISHMAN
CONSTRUCTION CORPORATION
OF NEW JERSEY, a New Jersey
Corporation,

    Third-Party Plaintiff-
    Respondent,

v.

BONLAND INDUSTRIES, INC.,
PFC INCORPORATED, NOVA
CRETE, INC., MEADOWLANDS
FIRE PROTECTION, NORTH
EAST CONSTRUCTION, DEL
SALVIO MASONRY CORPORATION,
SLOAN & COMPANY, ON PAR
CONTRACTING CORPORATION,
PELLA WINDOWS & DOORS,
Commercial Division, LUX HOMES,
INC., and RIVA POINTE
DEVELOPMENT, LLC,

    Third-Party Defendants-
    Respondents,

and

KNS BUILDING RESTORATION,

    Third-Party Defendant.

_____

2

BONLAND INDUSTRIES, INC.,

     Fourth-Party Plaintiff,

v.

C-K AIR CONDITIONING, INC.,

     Fourth-Party Defendant.

_____

Argued telephonically May 13, 2020 -
Decided June 15, 2020

Before Judges Fuentes, Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4104-15.

David J. Byrne argued the cause for appellant Riva Pointe at Lincoln Harbor Condominium Association, Inc. (Ansell Grimm & Aaron PC, attorneys; Breanne Marie De Raps and Mark M. Wiechnik, on the briefs).

Keith Robert Hemming argued the cause for respondents Tishman Construction Corporation and Tishman Construction Corporation of New Jersey (McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys; Keith Robert Hemming, of counsel; Lisa K. Minichini, on the brief).

Harris B. Katz argued the cause for respondent North East Construction (Winget Spadafora & Schwartzberg, LLP, attorneys; Harris B. Katz, on the brief).

Mark Robert Scirocco argued the cause for respondents Lux Homes, Inc. and Pella Windows and Doors, Commercial Division (Law Offices of Robert A.

Scirocco, PC, attorneys; Robert A. Spirocco and Mark Robert Scirocco, on the brief).

Brian Peoples argued the cause for respondent Sloan & Company (Leary, Bride, Mergner & Bongiovanni, PA, attorneys; Brian Peoples, on the brief).

Louis J. De Mille, Jr. argued the cause for respondent Bonland Industries, Inc. (Zirulnick, Sherlock & DeMille, attorneys; Louis J. De Mille, Jr., of counsel and on the brief).

Joshua Patrick Locke argued the cause for respondents C-K Air Conditioning, Inc. and Nova Crete, Inc. (Turner, O'Mara, Donnelly & Petrycki, PC, attorneys, join in the briefs of respondents Tishman Construction Corporation, Tishman Construction Corporation of New Jersey, North East Construction, Sloan & Company, Lux Homes, Inc., Pella Windows and Doors Commercial Division, and Bonland Industries, Inc.).

Eric Corey Weissman argued the cause for respondent Riva Pointe Development, LLC (Ropers Majeski Kohn & Bentley, attorneys, join in the briefs of respondents Tishman Construction Corporation, Tishman Construction Corporation of New Jersey, North East Construction, Sloan & Company, Lux Homes, Inc., Pella Windows and Doors Commercial Division, and Bonland Industries, Inc.).

PER CURIAM

Plaintiff Riva Pointe at Lincoln Harbor Condominium Association, Inc. appeals from a March 11, 2019 order dismissing its complaint, as well as third-party complaints and crossclaims. We affirm, substantially for the reasons set

4

forth in Judge Anthony V. D'Elia's detailed and thoughtful oral opinion dated March 8, 2019.

To give context to our decision, we refer to our related unpublished opinion, Riva Pointe at Lincoln Harbor Condo. Ass'n v. Riva Pointe Dev., Ltd. Liab. Co., No. A-1349-15 (App. Div. Feb. 27, 2018) (First Action) and highlight the salient facts of the instant matter.

In October 2012, plaintiff commenced its First Action against a developer, general contractor/project manager, architect, and other parties, alleging the named parties were responsible for construction defects discovered during "Phase III" of the Riva Pointe at Lincoln Harbor Condominium Project (Project). Plaintiff alleged defective construction caused water infiltration into condominium units and common areas, resulting in extensive damages.

After numerous extensions of the discovery deadline in the First Action, plaintiff served a "preliminary" expert report, identifying the alleged negligence of each defendant during the Project's construction. Plaintiff advised defense counsel and the trial court that the preliminary expert report was its final expert report. With that understanding, Judge Christine M. Vanek allowed plaintiff to submit a supplemental expert report for the sole purpose of rebutting any defense expert reports.

Prior to trial on the First Action, plaintiff moved for another extension of the discovery deadline, leave to file a sixth amended complaint, and postponement of the trial date. Judge Vanek denied these requests. More than a month after the court-ordered deadline, plaintiff served a supplemental expert report, raising new issues, opinions and conclusions regarding the Project's construction defects and increasing plaintiff's claimed damages by nearly $8 million. On September 25, 2015, Judge Vanek found plaintiff was time-barred from amending its discovery responses to include an expert opinion on the Project's "water-side damages" and she prohibited plaintiff from using any opinions contained in its supplemental expert report which were not "necessary to rebut the testimony of [d]efendant's experts."

On October 2, 2015, plaintiff filed a second complaint (Second Action) against defendant Tishman Construction Corporation (Tishman), alleging Tishman was responsible for construction defects on the Project referenced in the First Action. Either by amended complaint, or third-party complaint filed by Tishman, defendants North East Construction, Lux Homes, Inc., Pella Windows and Doors, Commercial Division, Bonland Industries, Inc., K.N.S. Building Restoration (K.N.S.), Sloan & Company, Nova Crete, Inc., Riva Pointe Development, LLC (RPD), and others not involved in this appeal were joined in

the suit. Bonland Industries, Inc. filed a fourth-party complaint against C-K Air Conditioning, Inc.

On October 14, 2015, Judge Vanek heard Tishman's motions in limine in the First Action. During that hearing, the judge found plaintiff knew or should have known it had a viable cause of action for construction defects when plaintiff's expert, Falcon Group, Engineering & Architecture (Falcon) issued its report in September 2008. Thus, Judge Vanek determined this was the accrual date for plaintiff's cause of action.

In advance of trial, Judge Vanek directed plaintiff's liability expert to appear for a deposition by October 20, 2015. When plaintiff did not comply with this order, Judge Vanek precluded plaintiff's liability expert from testifying at trial.

On the first day of trial, plaintiff's attorney stated it would be "fruitless and futile to continue with the case given that we don't have a liability expert." The First Action was dismissed with prejudice by order dated October 26, 2015. Plaintiff appealed from Judge Vanek's dismissal and discovery rulings in the First Action and we affirmed all orders on appeal.

On January 28, 2016, while the appeal from the First Action remained pending, Judge Vanek dismissed the Second Action without prejudice. She

A-3568-18T2

found the Second Action was duplicative of the First Action so she did not have jurisdiction to proceed. The judge specifically determined the claims in the Second Action were not "new," stating:

> [h]ere, it is not as if [plaintiff] is alleging that damages just occurred as a result of some action on the part of Tishman which took place in the last few months. The relevant transaction or occurrence that these [c]omplaints both arise out of are the construction of Phase III of the Riva Pointe at Lincoln Harbor Condominium. [Plaintiff] had ample time in the First Action to pursue the water[-]side damages with nearly three years of discovery and it failed to do so. [Plaintiff's] attempted manipulation of Tishman's use of the word "new" when referring to the water[-]side damages runs completely afoul of [c]ounsel for [plaintiff's] representations on the record on September 18, 2015 that these findings were not, in fact, "new" damages, but rather, a new investigation which unfolded the same or substantially similar damages as noted in the [p]reliminary [r]eport, albeit in a different location of the building.
>
>     . . . .
>
> [T]o allow [plaintiff's] Second Action to proceed would improperly allow [plaintiff] an "end-run" around the [c]ourt's prior rulings, while an appeal is pending. The [c]ourt noted in . . . the First Action that allowing [plaintiff] to proceed with new claims for damages asserted after over 974 days of discovery, in violation of [c]ourt [o]rders, would have required the [c]ourt to reopen discovery in its entirety, despite the extensive length of time [plaintiff] had to pursue its claims. The [c]ourt finds no functional difference in [plaintiff's] attempt to reopen discovery in the prior action, and

8

[plaintiff's] current intention to proceed with discovery on a Second Action alleging the same claims, and damages resulting from those claims. The Second Action is identical to the former, with the only difference being that it is only brought against Tishman and not the extensive list of defendants who were parties to the First Action. Allowing the Second Action to go forward could potentially result in further duplicative efforts . . ., potentially resulting in many of the defendants from the First Action who either settled or were relieved on summary judgment to again answer for the allegations which it already compensated for by way of settlement, or in the significant costs incurred refuting [plaintiff's] claims and obtaining summary judgment after over [thirty] dispositive motions . . . decided in connection with the First Action . . . . [A]llowing the Second Action to proceed through the discovery process would run afoul of the Rules of Court which divest this [c]ourt of jurisdiction while an appeal is pending, and result in potentially unnecessary cost to the parties involved and to the judicial system.

Accordingly, . . . . [plaintiff's] Second Action is hereby DISMISSED without prejudice.

[Emphases added.]

After we affirmed Judge Vanek's rulings in the First Action, plaintiff moved to reinstate its Second Action. Judge Mary K. Costello granted reinstatement. Two subsequent motions for reconsideration of the reinstatement decision were denied by Judge Costello and the matter was transferred to Judge D'Elia.

Judge D'Elia conducted a case management conference on February 14, 2019. The judge discussed K.N.S.'s pending motions for dismissal based on principles such as res judicata, the entire controversy doctrine, and the statute of limitations, and counsel for K.N.S. reminded him that her "client got out on summary judgment" in the First Action before that case was dismissed with prejudice. Judge D'Elia noted K.N.S.'s legal posture in the First Action and invited counsel at the conference to submit "anything further" regarding their outstanding issues prior to the return date of the motions.

Third-party defendant RPD responded to the judge's invitation and forwarded him Judge Vanek's October 14, 2015 decision from the First Action. In that 2015 decision, Judge Vanek specifically found plaintiff "did not have the requisite knowledge that it had incurred serious damages [for the Project] and that it had an action against Tishman until September 2008." She also found:

> [T]he unit owners did not assume control of Phase III of [the Project] until March of 2011 . . . . As such, [plaintiff's] cause of action would not have accrued until [plaintiff] assumed control. [Plaintiff] did not learn that the curative action [for the defects] failed until it hired [Falcon] . . . to investigate and draft a report. Falcon issued its [report] in September 2008, which revealed [the] true nature and extent of the alleged defects.

A-3568-18T2

On March 8, 2019, Judge D'Elia heard oral argument on K.N.S.'s pending motions for dismissal. Before he ruled, the judge extensively reviewed the factual and procedural history of the First and Second Actions, Judge Vanek's October 14, 2015 and January 28, 2016 decisions, and Judge Costello's reinstatement of the Second Action.

Concluding there were "two laws of the case" based on prior rulings from Judges Vanek and Costello, Judge D'Elia agreed with Judge Vanek's finding that plaintiff's allegations in the Second Action were duplicative of the First Action. He further agreed with Judge Vanek's finding that plaintiff's cause of action accrued as of September 2008. Thus, Judge D'Elia determined plaintiff's claims were time barred under the statute of limitations, N.J.S.A. 2A:14-1. Judge D'Elia relied on the recent holding in The Palisades At Fort Lee Condo. Ass'n, Inc. v. 100 Old Palisade, LLC, 230 N.J. 427, 454 (2017) to reach this conclusion. He also noted Judge Vanek did not have the benefit of the Palisades ruling when she decided the accrual date for plaintiff's cause of action was deferred until March 2011 based on plaintiff's assumption of control of Phase III of the Project at that time.

Judge D'Elia next addressed K.N.S.'s request for dismissal under the entire controversy doctrine. He again found plaintiff's claims arose in September 2008

when it received Falcon's report. The judge added, "[t]he fact that the plaintiff was unaware of the exact extent of those damages that resulted from the alleged construction or design defects is not relevant . . . in deciding whether the entire controversy doctrine applies . . . because [plaintiff] should have . . . proceeded as quickly as possible so that . . . the [Second Action] would not be duplicative of the first." Further, Judge D'Elia found the claims in the First and Second Actions were not "separate and discre[te]," but instead, "clearly related to the underlying transaction, the full-blown construction problem . . . back from [P]hase [III] of the [Project]. Therefore, they're barred by the entire controversy doctrine." Before the hearing concluded, Judge D'Elia also explained K.N.S. was entitled to dismissal in the Second Action based on res judicata.

Given his findings, Judge D'Elia asked plaintiff's counsel, "[w]ould you mind if I sua sponte dismissed . . . all complaints against all defendants based upon [the] statute of limitations and entire controversy doctrine, . . . so that you can get that full argument and get the notice of appeal filed tomorrow?" Plaintiff's counsel responded, "I think that's okay, Your Honor." Accordingly, Judge D'Elia dismissed the Second Action as to all defendants. His March 11, 2019 order confirmed the dismissal was with prejudice.

On appeal, plaintiff argues Judge D'Elia erred in, sua sponte, granting summary judgment to all defendants based on the statute of limitations and the entire controversy doctrine. Further, plaintiff suggests Judge D'Elia resorted to "shortcuts" and argues the judge erred by sua sponte dismissing its complaint in the Second Action. Plaintiff also contends utilization of the entire controversy doctrine was "off the table" because Judge Costello reinstated the Second Action, satisfied the claims therein were "new." These arguments are unavailing.

We review de novo a trial court's decision to grant or deny a motion to dismiss pursuant to Rule 4:6-2(e). Rezem Family Assoc., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011). Moreover, we analyze pure questions of law raised on a dismissal motion, such as the application of the statute of limitations, on a de novo basis. Smith v. Datla, 451 N.J. Super. 82, 88 (2017). That is because a "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). A de novo standard also applies "[w]hen the legal conclusions of a trial court on a Rule 4:46 summary judgment decision are reviewed on appeal." McDade v. Siazon, 208 N.J. 463, 473 (2011).

13

A court must dismiss a complaint if a plaintiff has failed to articulate a legal basis entitling that party to relief. Sickles v. Cabot Corp., 379 N.J. Super. 100, 106 (App. Div. 2005) (citing Camden County Energy Recovery Assocs., L.P. v. New Jersey Dep't of Envtl. Prot., 320 N.J. Super. 59, 64 (App. Div. 1999)). "A motion to dismiss a complaint under Rule 4:6-2(e) for failure to state a claim upon which relief can be granted must be evaluated in light of the legal sufficiency of the facts alleged in the complaint." Donato v. Moldow, 374 N.J. Super. 475, 482 (App. Div. 2005). If a motion to dismiss brought under subsection (e) presents "matters outside the pleading," Rule 4:6-2 requires that the motion be "treated as one for summary judgment."

Under N.J.S.A. 2A:14-1, a construction-defect action must be commenced within six years "after the cause of any such action shall have accrued." As Judge D'Elia aptly noted, the Palisades Court specifically "reject[d] the approach . . . that the six-year statute of limitations could not accrue before plaintiff gained full control of the [c]ondominium [a]ssociation. An owner of a building cannot convey greater property rights to a purchaser than the owner possessed." 230 N.J. at 449. "If the building's owner knew or reasonably should have known of construction defects at the time of the sale of the property, the purchaser takes title subject to the original owner's right—and any limitation on that right—to

file a claim against the architect and contractors." Id. at 449-50 (citing O'Keeffe v. Snyder, 83 N.J. 478, 502 (1980)). "Thus, a subsequent owner will stand in the shoes of a prior owner for statute-of-limitations purposes." Id. at 450 (citations omitted).

"A cause of action, for purposes of N.J.S.A. 2A:14-1, accrues when someone in the chain of ownership first knows or reasonably should know of an actionable claim against an identifiable party." Ibid. "A condominium plaintiff does not enjoy a preferred status exempting it from this long-standing rule." Ibid. Here, as Judges D'Elia and Vanek separately observed, Falcon notified plaintiff of construction defects in the Project when it issued its September 2008 report. Accordingly, based on the September 2008 accrual date for plaintiff's action and the holding in Palisades, Judge D'Elia deemed the Second Action barred by the statute of limitations. We perceive no basis to disturb this ruling.

In light of our decision, we need not address Judge D'Elia's determination that dismissal of the Second Action also was appropriate under the entire controversy doctrine. To the extent we have not addressed plaintiff's remaining arguments, we are satisfied they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3568-18T2