**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5445-18T3

ALEXANDRA COSTA,

     Plaintiff-Appellant,

v.

U.S. BANK NATIONAL
ASSOCIATION, NOT IN
ITS INDIVIDUAL CAPACITY
BUT SOLELY AS TRUSTEE
FOR THE RMAC TRUST,
SERIES 2016-TT,

     Defendant-Respondent.

_____

       Submitted September 29, 2020 – Decided  November 25, 2020

       Before Judges Hoffman and Suter.

       On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3911-19.

       Alexandra Costa, appellant pro se.

       Pluese, Becker, & Saltzman, LLC, attorneys for respondent (Stuart H. West, on the brief).

PER CURIAM

Plaintiff Alexandra Costa appeals the trial court's August 5, 2019 order granting defendant U.S. Bank National Association as Trustee for the RMAC Trust, Series 016-CTT's (defendant) motion to dismiss plaintiff's Law Division complaint under Rule 4:6-2(e). We affirm.

I.

This case involves a residential foreclosure that has been the subject of earlier appeals. Our consolidated opinion in two of the earlier cases explained the foreclosure proceedings.

> In July 2007, defendant executed a note in the amount of $410,000 in favor of Bank of America, N.A. (Bank of America).
>
> To secure payment on the note, both [plaintiff] and Victor Costa executed a mortgage securing the debt with the property located at 39 Fillmore Street in Newark. The mortgage was recorded on August 1, 2007.
>
> On February 1, 2009, [plaintiff] and Victor Costa failed to make the requisite payment on the note. No payments have been made on the loan since that date.
>
> In November 2012, Bank of America assigned the mortgage to Nationstar Mortgage, LLC (Nationstar). The assignment was recorded on December 31, 2012.
>
> Nationstar filed a foreclosure complaint in December 2014. Nationstar then assigned the mortgage to [defendant]. On February 1, 2017, the court granted leave for [defendant] to substitute for Nationstar in the

> foreclosure action. The court granted an order of default before issuing final judgment and a writ of execution in July 2017.
>
> Six months later, [plaintiff] made her first appearance in the matter, filing a motion to vacate final judgment. The chancery court denied the motion.
>
> [U.S. Bank National Association v. Costa, Nos. A-4718-17 and A-0404-18 (App. Div. Aug. 13, 2019) (slip op. at 1-2).][1]

Plaintiff appealed the denial of her motion to vacate the final judgment of foreclosure. Id. at 2.

In July 2017, the Fillmore Street property was sold to defendant for $100 at the sheriff's sale auction. Ibid. A year later, plaintiff filed a motion to set aside the sheriff's sale. That motion was denied in September 2018 and plaintiff filed an appeal of that order.[2]

While the appeals were pending, plaintiff filed a complaint in the Law Division in May 2019. The one-count complaint alleged a cause of action for "[f]raud, [d]ishonesty, [d]eceit or [m]isrepresentation" arising from the

---

[1] We cite to this unreported opinion because it involves the same parties and issues presented in this appeal.

[2] Plaintiff filed a complaint against counsel for defendant, but this was dismissed. She filed a motion to expunge the sheriff's deed. This was dismissed because the trial court lacked jurisdiction given the then-pending appeals.

A-5445-18T3

foreclosure and from defendant's purchase of the property for $100 at the sheriff's sale. Plaintiff alleged defendant had as its "sole purpose" to "fraudulently transfer the . . . property" for less than fair market value. She challenged defendant's standing to foreclose, alleging defendant never established it had ownership of the mortgage through merger or acquisition. The complaint demanded compensatory damages and treble damages under the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -195. She alleged actual damages of $207,100 and requested punitive damages.

Defendant filed a motion to dismiss the complaint under Rule 4:6-2(e). Plaintiff filed in opposition, alleging her complaint raised a claim under the CFA and that defendant's motion was improperly supported by a hearsay certification from its attorney.

The trial court's August 5, 2019 order dismissed the complaint. In the memorandum opinion, the trial judge found the "core of the allegation[]" made by plaintiff in the complaint is that defendant "lacked standing to foreclose on the property because it did not establish valid ownership of the mortgage." The court found this argument "is identical" to the argument plaintiff made in her earlier motion to vacate the final foreclosure judgment, which was rejected by

the Chancery Division, and in which defendant was found to have "standing to foreclosure as a valid assignee of the subject mortgage."

On August 2, 2019, we issued a consolidated opinion in the pending appeals. See Costa, slip op. at 2. In the opinion, we rejected plaintiff's claim that defendant did not have standing to sue in this foreclosure.

> Nationstar, the original plaintiff in the action, received the mortgage via an assignment executed on November 7, 2012 and recorded the following month. Therefore, Nationstar possessed an assignment of the mortgage at the time it filed its complaint on December 8, 2014. Plaintiff then received the mortgage via a subsequent assignment, and later filed a motion to substitute for Nationstar as plaintiff. Defendant did not oppose the motion. Thus, plaintiff had standing to proceed with the foreclosure.
>
> [Id. at 4.]

We also rejected plaintiff's claim that the sheriff's sale was invalid, explaining that plaintiff

> fails to identify any circumstances to justify an order vacating the judgment, under Rule 4:50-1. The record on appeal contains a Report of Sale and a copy of the Sheriff's Deed to plaintiff. This proof of sale is sufficient for us to conclude the chancery court did not abuse its discretion.
>
> [Ibid.]

On appeal, plaintiff raises the following argument:

A-5445-18T3

POINT I: THE APPELLATE COURT MUST DETERMINE WHETHER THE TRIAL COURT FAILED TO FIND WHETHER PLAINTIFF SET FORTH A CLAIM [AGAINST] DEFENDANT UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO R. 4:6-2 AND WHETHER DEFENDANT RELIED UPON [AN] OBJECTIONABLE HEARSAY CERTIFICATION TO SUPPORT ITS MOTION TO DISMISS PLAINTIFF'S CLAIM, AS A MATTER OF LAW.

## II.

We review de novo an order from a trial court granting or denying a motion to dismiss under Rule 4:6-2(e). Smith v. Datla, 451 N.J. Super. 82, 88 (App. Div. 2017) (citing Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011)). When a court grants a party's motion to dismiss, "[w]e approach our review of the judgment below mindful of the test for determining the adequacy of a pleading: whether a cause of action is 'suggested' by the facts." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)). We accord no deference to the trial court's legal conclusions. Rezem, 423 N.J. Super. at 114.

Plaintiff's complaint raised the issue of standing by contending defendant did not establish ownership of the mortgage. It also challenged the validity of the sheriff's sale. We agree with the trial judge that plaintiff's complaint raised the issues that previously were addressed and decided.

6

Res judicata applies to bar this litigation. See Nolan v. First Colony Life Ins. Co., 345 N.J. Super. 142, 153 (App. Div. 2001) (providing res judicata is a doctrine declaring that once a matter has been fully litigated and resolved, it cannot be relitigated). For it to apply, there must be: (1) a final judgment by a court of competent jurisdiction, (2) identity of issues, (3) identity of parties, and (4) identity of the cause of action. Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 318 (App. Div. 2002) (citation omitted).

All of these factors are met. Plaintiff's case was dismissed with finality on August 5, 2019. She is raising the issue of standing to sue and the validity of the sheriff's sale, which are the same issues raised and decided previously. The parties are the same, as is the cause of action that is based on the foreclosure lawsuit and sheriff's sale.

Plaintiff argues her complaint raises a consumer fraud claim because defendant purchased the property for $100, which was below fair market value. A sheriff's sale is not set aside on this basis alone. See G.E. Capital Mortgage Servs. Inc. v. Marilao, 352 N.J. Super. 274, 285 (App. Div. 2002) ("Inadequacy of price alone normally does not warrant setting aside a [s]heriff's sale."). The fair market credit also may be an issue in a deficiency suit. See Citibank, N.A. v. Errico, 251 N.J. Super. 236, 248 (App. Div. 1991) (providing "a debtor is not

required to object to a foreclosure sale price as a prerequisite for claiming a fair market value credit in a deficiency suit under N.J.S.A. 2A:50–3."). Plaintiff cites no legal authority to support her argument that a low bid at a sheriff's sale auction is an unconscionable commercial practice under the CFA.

Citing Rule 1:6-6, plaintiff argues the trial court improperly relied upon "[d]efendant's certification of its counselor Stuart West, Esquire of the law office of Pluese, Becker & Saltzman, LLC which constitutes objectionable hearsay." However, an attorney's certification is an acceptable method to provide the court with copies of the pleadings and attachments for the court's reference. See Higgins v. Thurber, 413 N.J. Super. 1, 21 n.19 (App. Div. 2010) (determining counsel's certification in support of summary judgment was permissible "as a vehicle" to provide the court with authentic copies of earlier pleadings and materials).

In his certification, defense counsel said he was responsible to represent defendant in this case, that defendant was the plaintiff in the underlying foreclosure and his firm represented that entity in the foreclosure. He certified he reviewed the foreclosure file, attached pleadings and records from that file to his certification, and represented these were true copies. The certification did not contain any argument by counsel. There is nothing objectionable about this

certification being presented in support of defendant's motion to dismiss the complaint.

After carefully reviewing the record and the applicable legal principles, we conclude that plaintiff's further arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5445-18T3