**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1333-23

ALFRED PETROSSIAN,

     Plaintiff-Appellant,

v.

BOROUGH OF RUTHERFORD
and FRANK NUNZIATO, in his
official capacity as Mayor,

     Defendants-Respondents.

_____

Argued March 18, 2025 – Decided July 9, 2025

Before Judges Susswein and Bergman.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C-000172-23.

Alfred Petrossian, appellant, argued the cause pro se.

David F. Scheidel II argued the cause for respondents (Keenan & Doris, LLC, attorneys; Ian C. Doris, of counsel and on the brief; David F. Scheidel II, on the brief).

PER CURIAM

This matter arises from the denial of an application for a designated accessible parking space.[1] Plaintiff Alfred Petrossian appeals the October 20, 2023 Chancery Division order dismissing his complaint against the Borough of Rutherford (Borough) and Frank Nunziato (defendants). He also appeals the December 15, 2023 order denying his motion for reconsideration. The trial court ruled that plaintiff's claims were untimely. After reviewing the record in light of the parties' arguments, we agree that the applicable statutes of limitation had expired. Accordingly, we affirm substantially for the reasons explained by the trial court.

We discern the following pertinent facts and procedural history from the record. On February 15, 2019, plaintiff's mother filed an application with the Borough for an accessible parking space in front of her home on Park Avenue in Rutherford, based upon her disability. She shared the home with plaintiff, who also has a disability. Although the home has a driveway, the mother's application stated it was too narrow for her to enter and exit her vehicle. In support of her application, she attached a copy of her disability identification card and placard from the Motor Vehicle Commission (MVC).

---

[1] An "accessible" parking space is also known as a "handicapped" parking space.

A-1333-23

On March 25, 2019, the Borough's Traffic Bureau sent a memorandum to the Police Chief recommending the installation of an accessible parking space. However, because the space immediately in front of plaintiff's home was not wide enough, the Traffic Bureau recommended the space should instead be installed in front of the next-door neighbor's house.

On August 1, 2019, the Borough Clerk informed plaintiff via email that "the matter has been reviewed appropriately and as per the Chief of Police, this request is being respectfully denied."  In an email to the Borough Clerk, the Police Chief stated he was "deny[in] [plaintiff's] request.  [Plaintiff] has a significant driveway to accommodate this request as well as a public [accessible] parking space across the street from his residence."

On January 16, 2020, plaintiff's mother filed a discrimination complaint with the United States Department of Housing and Urban Development (HUD), claiming the Borough had wrongly denied her application for the accessible parking space based on her status as a person with a disability.  HUD notified the Borough of the complaint and advised that it was commencing an

A-1333-23

investigation under Section 504 of the Rehabilitation Act of 1973 (RHA)[2] and the Americans with Disabilities Act of 1990 (ADA).[3]

In addition to the HUD complaint, plaintiff's mother filed a complaint against the Borough with the New Jersey Division on Civil Rights (DCR). The DCR complaint was consolidated with the HUD matter.

At some point in the proceedings, HUD drafted a conciliation agreement for the parties. Pursuant to the draft agreement, the Borough denied the allegations and any wrongdoing but agreed to designate an accessible parking space in front of the next-door neighbor's house. The Borough was amenable to the conciliation agreement, but plaintiff's mother did not sign it, objecting to the no-admission-of-wrongdoing language. On July 13, 2020, HUD referred the matter to the United States Department of Justice (DOJ).

On December 10, 2020, plaintiff's mother sent defendants a letter advising that she intended to file an action in New Jersey Superior Court pursuant to Rule 4:52 if defendants did not approve her application. Counsel for the Borough responded via a letter dated December 28, 2020, stating any such action was

---

[2] 29 U.S.C. §§ 701-796. 29 U.S.C. § 794(a) prohibits discrimination based on a disability by recipients of federal funding.

[3] 42 U.S.C. §§ 12101-12213.

"not appropriate" considering the matter was still pending before HUD. Counsel also stated the Borough had already agreed to provide the parking space and any court action based upon a denial of her application would be "frivolous."

While the HUD matter was pending, plaintiff filed several Open Public Records Act (OPRA) requests with the Borough. The Borough received requests on March 1 and March 2, 2021, and responded on March 10, attaching a redacted police report dated May 10, 2019 for "criminal mischief" at an address on Park Avenue. The Borough also produced redacted documents in response to the requests—memoranda and emails relating to the mother's application. The Borough received another OPRA request on March 22, and it responded on March 29. We note the record does not contain copies of plaintiff's request, only the Borough's responses.

On August 29, 2023, plaintiff filed a verified complaint and order to show cause, challenging the Borough's denial of his mother's February 15, 2019 application for a designated accessible parking space in front of her home. The

A-1333-23

complaint did not name plaintiff's mother as a party.[4]  The complaint contained three counts:  vicarious liability for abuse of power related to the denial of the mother's application; "malice" relating to the denial of the parking application; and obstruction of public records to evade liability related to the Borough's alleged failure to respond to plaintiff's OPRA requests.

On August 30, 2023, the trial court denied plaintiff's request for temporary restraints and allowed defendants to file an opposition.  On October 2, 2023, defendants filed a pre-answer motion to dismiss the complaint.

On October 20, 2023, the court held oral argument on that motion where plaintiff stated he was applying for the same relief—an accessible parking space in front of his home—but based upon his independent right to do so, not on his mother's application.  The trial court stated plaintiff could not seek relief because he had not filed an application with the Borough for an accessible space.  The court ultimately dismissed plaintiff's complaint, finding the statute of limitations barred plaintiff's civil rights claims and the challenge to the Borough's OPRA

---

[4]  The trial court concluded that plaintiff had standing to challenge the denial of his mother's application because N.J.S.A. 39:4-197.6 provides that an individual with a disability as well as an occupant of the residence may apply for the accessible space.  Because both plaintiff and his mother had a qualifying disability and because plaintiff resided in the home with his mother, the court concluded plaintiff could also make an application to the Borough.  Neither party challenges this finding.

responses. The court entered an order the same day dismissing plaintiff's complaint with prejudice.

On November 7, 2023, plaintiff filed a motion for reconsideration pursuant to Rule 4:49-2. On November 26, 2023, he also moved for the trial court's recusal from the matter.

On December 15, 2023, the court held oral argument on plaintiff's motion for reconsideration and his motion for recusal. The court first heard argument on the recusal motion, which it denied, concluding no reasonable person would have doubts about his impartiality based upon the arguments presented by plaintiff. The court also denied the motion for reconsideration, finding the prior decision was not based upon an incorrect basis or a failure to consider significant, probative evidence.

After the trial court dismissed plaintiff's complaint, the DOJ notified plaintiff's mother that it reviewed her complaint and "determined that DOJ will take no further action on th[e] complaint, and the matter has been closed." On November 30, 2023, HUD sent a letter advising that, due to the DOJ closing the matter, HUD would also close its investigation related to the Fair Housing Act[5] claims. HUD issued a separate letter regarding the claims pursuant to the ADA

---

[5] 42 U.S.C. §§ 3601-3631.

stating that the matter was administratively closed "based upon the legal doctrine of res judicata or issue preclusion." The letter expressly referenced the trial court's October 20, 2023 decision, as having adjudicated the issues asserted in the HUD complaint.

After this appeal was filed, on February 5, 2024, plaintiff applied for an accessible parking space, attaching his and his mother's disability identification cards from the MVC. In their joint brief, defendants state that on March 11, 2024, an accessible parking space was designated in front of plaintiff's next-door neighbor's house.[6]

On appeal, plaintiff contends the trial court erred in dismissing his complaint with prejudice. He argues that his claims were not time-barred because his complaint was based upon a "de novo request" for an accessible parking space. Plaintiff further contends the trial court should have ordered mediation in the matter. He also asserts the trial court erroneously found that HUD had exclusive jurisdiction over the claim. Relatedly, he argues the trial court incorrectly believed a compromise was still possible through HUD, despite that action being closed.

---

[6] Defendants' appendix contains an undated ordinance by the Borough approving the parking space.

We are unpersuaded by plaintiff's arguments. The dismissal of the complaint was appropriate, indeed required, because plaintiff's causes of action were barred by the applicable statutes of limitation. Plaintiff's claim under 42 U.S.C. § 1983 as well as any claim of a civil rights violation under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2, is subject to a two-year statute of limitations. See Smith v. Datla, 451 N.J. Super. 82, 99 (App. Div. 2017). Claims under the ADA and 29 U.S.C. § 794, are subject to "the statute of limitations for personal injury actions in the state in which the trial court sits." Disabled in Action of Pa v. Southeastern Pa Transp. Auth., 539 F.3d 199, 208 (3d Cir. 2008). In New Jersey, personal injury actions are subject to a two-year statute of limitations. N.J.S.A. 2A:14-2.

The law is well-settled that "[t]he trigger point for the start of a cause of action under an accrual statute is when 'the facts presented would alert a reasonable person, exercising ordinary diligence, that [the person] was injured due to the fault of another.'" The Palisades At Fort Lee Condo. Ass'n, Inc. v. 100 Old Palisade, LLC, 230 N.J. 427, 443 (2017) (quoting Caravaggio v. D'Agostini, 166 N.J. 237, 246 (2001)). Plaintiff's complaint states that his mother's application for the parking space was submitted on February 15, 2019, and that he was informed of the denial on August 1, 2019. Plaintiff's complaint

9

is dated August 29, 2023, over four years from the date of the denial. Accordingly, plaintiff's claims relating to 42 U.S.C. § 1983 and N.J.S.A. 10:5-4 were barred by their respective statutes of limitation.

Likewise, plaintiff's challenge to the Borough's OPRA compliance was untimely. If a public entity denies access to the records sought, the individual may file an action in the Superior Court challenging the denial. Mason v. City of Hoboken, 196 N.J. 51, 66 (2008) (citing N.J.S.A. 47:1A-6). N.J.S.A. 47:1A-6 makes clear that the action must be instituted "within [forty-five] days of the date of denial." See also id. at 57 (holding "OPRA actions have a [forty-five]-day statute of limitations"). Plaintiff did not file the OPRA action within that deadline.

Nor are we persuaded by plaintiff's arguments concerning the recusal of the trial court. Plaintiff argues the court was not impartial and displayed a "pro police bias" during the proceedings. Rule 1:12-2 states that "[a]ny party, on motion made to the judge before trial or argument and stating the reasons therefor, may seek that judge's disqualification." The motion is "entrusted to the sound discretion of the judge" and "subject to review for abuse of discretion." State v. McCabe, 201 N.J. 34, 45 (2010). We see no abuse of discretion in the trial court's denial of plaintiff's recusal motion.

To the extent we have not addressed a particular argument raised by plaintiff, it is because our disposition on the statute of limitations issue makes it unnecessary to do so, or because the argument lacks sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E). As we have noted, the record suggests a designated accessible space has been provided, albeit in front of the next-door neighbor's house. Nothing in this opinion should be construed to preclude plaintiff from making a new application for a designated accessible parking space directly in front of his house.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

11

A-1333-23